UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SAMUEL J. SMOLEN, JR.,

            Plaintiff,

                                        DECISION AND ORDER

        -v-                                      08-CV-6144 CJS

SGT. K. BERBARY, et al.,
            Defendants.

---

INTRODUCTION

This is an action pursuant to 42 U.S.C. § 1983 in which prison inmate Samuel Smolen ("Plaintiff") alleges that staff members at Attica Correctional Facility ("Attica") violated his federal constitutional rights in February 2005. Now before the Court is an application [#10] by Plaintiff for a preliminary injunction. For the reasons that follow, the application is denied.

BACKGROUND

Plaintiff is currently housed at Southport Correctional Facility ("Southport"). However, this lawsuit involves alleged constitutional violations at Attica. Specifically, Plaintiff alleges that on February 5, 2005, defendant corrections officer G. Weitz ("Weitz") and another, unnamed, corrections officer ("John Doe No. 1"), permitted two inmate porters to assault him and steal unspecified personal property from him. (Complaint, First Claim). Plaintiff also alleges that, on the same date, defendant corrections sergeant K. Berbary ("Berbary") and another unnamed corrections officer ("John Doe No. 2") refused to speak

to him about the theft and assault, and that corrections sergeant Lavis ("Lavis") and John Doe No. 2 filed a false misbehavior report against him. (Complaint, Second Claim). Additionally, Plaintiff alleges that, on the same date, Weitz, Berbary, Lavis, John Doe No. 1, and John Doe No. 2, failed to search for his stolen property and failed to file misbehavior reports against the inmate porters. (Complaint, Third Claim). And finally, Plaintiff alleges that on February 8, 2005, defendants George Strubel ("Strubel") and Theresa Dyson ("Dyson"), both members of Attica's Inmate Grievance Resolution Committee ("IGRC"), failed to process grievances that he wrote against the other defendants. (Complaint, Fourth Claim).

On or about February 1, 2008, Plaintiff commenced the instant action.[1] On or about March 21, 2008, Plaintiff was transferred from Attica to Southport. On December 24, 2008, Plaintiff filed the subject motion for injunctive relief, seeking an order directing that he be moved from Southport to another correctional facility "where [he] had not been abused in." [sic]. In support of the request, Plaintiff alleges that in 2007, at Attica, someone set his cell on fire and planted weapons in his cell. He further alleges that, at Southport, corrections officers assaulted him, and inmate porters assaulted him, threw bodily fluids on him, and denied him meals. Plaintiff also contends that he is being denied medical and dental care. Plaintiff suggests that the incidents at Southport may be in retaliation for him filing this lawsuit.

---

[1]The complaint is dated February 1, 2008, and was filed in the Court on March 31, 2008. The exact date of filing, to be determined under the prison "mailbox rule," is unclear. *See, Hicks v. LeClair*, No. 9:07-CV-0613 (JKS), 2008 WL 5432217 at *3, n. 1 (N.D.N.Y. Dec. 30, 2008) ("Under the 'mailbox rule,' a[n inmate's filing] is deemed filed on the date he delivers the application to the prison authorities for mailing.") (citations omitted).

DISCUSSION

The standard to be applied when considering an application for a preliminary injunction is well settled:

> A party seeking a preliminary injunction ordinarily must show: (1) a likelihood of irreparable harm in the absence of the injunction; and (2) either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation, with a balance of hardships tipping decidedly in the movant's favor. When the movant seeks a 'mandatory' injunction-that is, as in this case, an injunction that will alter rather than maintain the status quo-she must meet the more rigorous standard of demonstrating a 'clear' or 'substantial' likelihood of success on the merits.

*Doninger v. Niehoff*, 527 F.3d 41, 47 (2d Cir. 2008) (citations omitted). Violation of a constitutional right is considered "irreparable harm." *Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir.1996) ("The district court . . . properly relied on the presumption of irreparable injury that flows from a violation of constitutional rights."); *see also*, *Charette v. Town of Oyster Bay*, 159 F.3d 749, 755 (2d Cir.1998) ("In the context of a motion for a preliminary injunction, violations of First Amendment rights are commonly considered irreparable injuries.") (citation and internal quotation marks omitted). Moreover, "[t]o prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." *Candelaria v. Baker*, No. 00-CV-0912E(SR), 2006 WL 618576 at *3 (W.D.N.Y. Mar. 10, 2006) (citation omitted); *accord, Taylor v. Rowland*, No. 3:02CV229(DJS)(TPS), 2004 WL 231453 at *2-3 (D.Conn. Feb. 2, 2004).

In the instant application, Plaintiff complains of certain acts that were allegedly committed at Attica. However, Plaintiff's application is moot insofar as it pertains to Attica,

since he has not been housed there since March 2007. *See, Taylor v. Rowland*, 2004 WL 231453 at *2 ("The Second Circuit has held that requests for injunctive relief become moot when an inmate is released or transferred to a different correctional facility.") (*citing Mawhinney v. Henderson*, 542 F.2d 1, 2 (2d Cir.1976) and *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir.1983)). Moreover, the remainder of the application for injunctive relief pertains to events at Southport, which are not related to the specific claims or parties in this action. Accordingly, the application must be denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's application [#10] is denied.

SO ORDERED.

Dated:   January 26, 2009
         Rochester, New York

                                              /s/ Charles J. Siragusa
                                               CHARLES J. SIRAGUSA
                                               United States District Judge