UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SAMUEL J. SMOLEN, JR.,
                Plaintiff,

                DECISION AND ORDER

      -v-                08-CV-6144 CJS

SGT. K. BERBARY, et al.,
                Defendants.

## INTRODUCTION

This is an action pursuant to 42 U.S.C. § 1983 in which prison inmate Samuel Smolen ("Plaintiff") alleges that staff members at Attica Correctional Facility ("Attica") violated his federal constitutional rights in February 2005. Now before the Court is Defendants' Motion to Dismiss [#26]. For the reasons that follow the application is granted and this action is dismissed.

## BACKGROUND

The Complaint [#1] alleges that on February 5, 2005, while Plaintiff was housed at Attica Correctional Facility ("Attica"), defendant Corrections Officer G. Weitz ("Weitz") and another, unnamed, corrections officer ("John Doe No. 1"), permitted two inmate porters to assault him and steal unspecified personal property from him. (Complaint, First Claim).[1] Plaintiff alleges that Weitz and John Doe No. 1 witnessed the assault but failed to intervene. Plaintiff also alleges that, on the same date, defendant Corrections Sergeant K. Berbary ("Berbary") and another unnamed corrections officer ("John Doe No. 2") refused

---

[1] Plaintiff maintains that the inmates assaulted and robbed him because they learned of the nature of his crimes by reading mail addressed to him by the Parole Board.

to speak to him about the theft and assault. Plaintiff states that he also notified Corrections Sergeant Lavis ("Lavis") about the assault and theft, but in response Lavis and John Doe No. 2 filed a false misbehavior report against him in retaliation for his complaint to them. (Complaint, Second Claim).[2] Additionally, Plaintiff alleges that, on the same date, Weitz, Berbary, Lavis, John Doe No. 1, and John Doe No. 2, failed to search for his stolen property and failed to file misbehavior reports against the inmate porters. (Complaint, Third Claim). And finally, Plaintiff alleges that on February 8, 2005, defendants George Strubel ("Strubel") and Theresa Dyson ("Dyson"), both members of Attica's Inmate Grievance Resolution Committee ("IGRC"), failed to process grievances that he wrote against the other defendants. (Complaint, Fourth Claim). Specifically, the grievances that he submitted complained of events on February 5, 2005, including the assault, theft, failure by staff to protect him and his property, and failure by staff to provide him with medical attention following the assault. Along with the Complaint, Plaintiff filed a motion for permission to proceed *in forma pauperis*.

On July 16, 2008, the Court issued an Order [#3], granting the application to proceed *in forma pauperis*, and dismissing certain claims pursuant to 28 U.S.C. § § 1915(e)(2)(B) and 1915A. Specifically, the Court dismissed the following claims: 1) claims pertaining to the theft of Plaintiff's property; 2) claims pertaining to the denial of Plaintiff's

---

[2] The Misbehavior Report that was issued to Plaintiff charged him with two violations: lying, and failing to report the alleged injury in a timely manner. At the Tier II disciplinary hearing that was held concerning the misbehavior report, Plaintiff testified that he was assaulted by two inmates, and that items were stolen from his cell. However, he did not indicate that any staff were present during the theft or assault. See, Defendant's Response to Plaintiff's Discovery Request [#23], Ex. D, Transcript of Tier Hearing held on February 8, 2005, at pp. 3-4. Plaintiff testified that his involvement with Berbary on that day was asking Berbary if he could speak with him, and Berbary responded "negative." Id. at p. 4. Plaintiff did not indicate that Berbary witnessed the theft or assault or that he knew what Plaintiff wanted to talk to him about.

2

requests for an investigation into the theft and assault; and 3) the claims against Strubel and Dyson. The Court permitted the claims to go forward against Berbary, Lavis, Weitz, and John Does 1-3. With regard to the John Does, the Court directed that Plaintiff identify them "through discovery as soon as possible, and then apply to this Court for an order directing amendment of the caption and service on these defendants as soon as they have been identified." Order [#3] at 13. However, Plaintiff never moved to amend the Complaint. Accordingly, the only defendants in this action presently are Berbary, Weitz, and Lavis.

On May 17, 2010, Defendants filed the subject "Motion to Dismiss." Despite the title of the motion, it appears to be a motion for summary judgment pursuant to Rule 56.[3] Defendants maintain that Plaintiff's claims are time-barred by the applicable statute of limitations, and therefore must be dismissed. Defendants also maintain that the claims against them lack merit. On June 9, 2010, the Court issued a Motion Scheduling Order [#32], directing Plaintiff to file and serve any opposing papers on or before July 14, 2010. Plaintiff, though, never filed a response.

DISCUSSION

The standard for granting summary judgment is well established. Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See Adickes*

---

[3] Defendants provided the *pro se* Plaintiff with the *Irby* notice required by Local Rule of Civil Procedure 56.2. *See*, Docket No. [#27].

*v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). "[T]he movant must make a prima facie showing that the standard for obtaining summary judgment has been satisfied." 11 Moore's Federal Practice, § 56.11[1][a] (Matthew Bender 3d ed.). "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant may satisfy this burden by pointing to an absence of evidence to support an essential element of the nonmoving party's claim." *Gummo v. Village of Depew*, 75 F.3d 98, 107 (2d Cir. 1996) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)), *cert denied*, 517 U.S. 1190 (1996).

The burden then shifts to the non-moving party to demonstrate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). To do this, the non-moving party must present evidence sufficient to support a jury verdict in its favor. *Anderson*, 477 U.S. at 249. The underlying facts contained in affidavits, attached exhibits, and depositions, must be viewed in the light most favorable to the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). Summary judgment is appropriate only where, "after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party ." *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir. 1993).[4] The

---

[4] Where, as in this case, "the non-moving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied even if no opposing evidentiary matter is presented. Moreover, in determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion. An unopposed summary judgment motion may also fail where the undisputed

4

parties may only carry their respective burdens by producing evidentiary proof in admissible form. Fed. R. Civ. P. 56(c). Moreover, since Plaintiff is proceeding *pro se*, the Court is required to construe his submissions liberally, "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

Here, Defendants first moved for summary judgment on the grounds that Plaintiff's claims are barred by the three-year statute of limitations that governs actions under 42 U.S.C. § 1983. In that regard, Defendants note that the Complaint in this action was filed on March 31, 2008, while the actions complained of allegedly occurred on February 5, 2005 and February 8, 2005. However, as the Court previously stated in its Decision and Order [#13] denying Plaintiff's request for a temporary restraining order, since Plaintiff is a prisoner, the actual filing date is determined by the "mailbox rule":

> The complaint is dated February 1, 2008, and was filed in the Court on March 31, 2008. *The exact date of filing, to be determined under the prison "mailbox rule," is unclear. See, Hicks v. LeClair*, No. 9:07-CV-0613 (JKS), 2008 WL 5432217 at *3, n. 1 (N.D.N.Y. Dec. 30, 2008) ("Under the 'mailbox rule,' a[n inmate's filing] is deemed filed on the date he delivers the application to the prison authorities for mailing.") (citations omitted).

Decision and Order [#13] at p. 2, n. 1 (emphasis added). Since that time, the Court has physically examined the file in this action, and sees that the envelope which Plaintiff apparently used to mail the Complaint to the Court from Southport Correctional Facility bears a postmark date of February 1, 2008. Such date is less than three years after the events complained of in this action. Accordingly, the action was commenced within three

---

facts fail to show that the moving party is entitled to judgment as a matter of law." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (citations and internal quotation marks omitted).

years, and Defendants' motion is denied to the extent that it is based on the statute of limitations.

As for the merits of Plaintiff's claims, Berbary submits an affidavit [#29] in which he indicates that on February 5, 2005, Plaintiff never made any complaints to him about being assaulted or about his property being stolen. Berbary states that he learned of the alleged assault and theft later in the day when Lavis contacted him, after Plaintiff complained to Lavis. Berbary indicates that he subsequently conducted an investigation, which included interviewing the porters who allegedly assaulted Plaintiff and searching their cells. However, Berbary did not find Plaintiff's property or any evidence to support Plaintiff's complaint. Lavis also submits an affidavit [#30], in which he states that on the afternoon of February 5, 2005, he was working in Attica's D Block, when Plaintiff informed him that he had been assaulted in A Block that morning by two inmates, and that his property had been stolen. According to Lavis, Plaintiff told him that he had not reported the incident to any staff at the time, but that he had later reported the incident to Corrections Officer Grzybowski. Lavis checked with Grzybowski, who denied that Plaintiff had told him anything about being assaulted. Lavis states that he notified Berbary about Plaintiff's claims, and sent Plaintiff to the infirmary to be examined. Lavis also gave Plaintiff the option of being placed in protective custody, but Plaintiff declined his offer. Lavis acknowledges that he also issued a misbehavior report to Plaintiff, charging him with lying (apparently for lying about having reported the incident to Grzbowski) and failing to report his injury in a timely manner. The Court has reviewed the transcript of the disciplinary hearing, and observes that the charge was dismissed because Plaintiff testified that the

theft and assault actually occurred, and that he delayed reporting it until he was in D Block because he feared retaliation by other inmates.

Based on these affidavits from Lavis and Berbary, and based on Plaintiff's testimony at the disciplinary hearing, and the entire record, the Court finds that Lavis, Berbary and Weitz are entitled to summary judgment. In opposition to the summary judgment motion, Plaintiff has not come forward with any evidentiary proof in admissible form to show that any of the Defendants violated his federal constitutional rights. The Court notes, in that regard, that Plaintiff's testimony at the disciplinary hearing is contrary to his statements in the Complaint, in which he alleges that Weitz and another officer observed him being assaulted and his property taken, but took no action to protect him. Moreover, in a letter that Plaintiff wrote to Attica's Superintendent on March 1, 2005, he explained that he only *suspected* that the theft and assault occurred with staff's approval because the porters should not have been in A Block at that time, and because staff failed to ensure his safe return to his cell from the recreation yard. See, Docket No. [#14] at p. 4, 8. However, Plaintiff did not assert in such letter that staff saw the theft and assault occur, as he maintains in his Complaint in this action.[5] Moreover, on February 13, 2005, Robert Leuze ("Leuze"), a friend of Plaintiff's, sent a letter to the Inspector General purportedly based on information that Plaintiff had related to him by telephone. According to Leuze, Plaintiff was attacked by two inmates "*when no guards were present* (but should have been)." Docket No. [#14] at p. 43 (emphasis added). There is no evidentiary proof in admissible form that

---

[5] In the same letter, Plaintiff stated that later that morning, unnamed "staff" were in a position to see an inmate attempt to steal property from Plaintiff's property bag as Plaintiff was moving his property to D Block, but that is not the same allegation contained in the Complaint.

7

Defendants failed to protect Plaintiff or otherwise acted improperly in response to the alleged assault and theft.  Nor has Plaintiff come forward with any evidence that Defendants retaliated against him.

## CONCLUSION

Defendants' motion [#26] is granted, and this action is dismissed with prejudice. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:   November 29, 2011
         Rochester, New York

/s/  Charles  J.  Siragusa
CHARLES J. SIRAGUSA
United States District Judge